IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVAN GILLESPIE,<br><br>    Plaintiff,<br><br>v.<br><br>LT. WILLIAM HOCKER, individually and in his official capacity as a TOWN OF DEWEY BEACH POLICE OFFICER; CHIEF PAUL BERNAT, individually and in his official capacity as a CITY OF DOVER POLICE OFFICER; SGT. KEVIN KOBER, individually and in his official capacity as a CITY OF DOVER POLICE OFFICER; and CITY OF DOVER, DELAWARE,<br><br>    Defendants. | Civ. No. 15-51-SLR |

Daniel C. Herr, Esquire of The Norman Law Firm, Dagsboro, Delaware. Counsel for Plaintiff.

Daniel A. Griffith, Esquire, Scott G. Wilcox, Esquire, and Kaan Ekiner, Esquire of Whiteford Taylor Preston LLC, Wilmington, Delaware. Counsel for Chief Paul Bernat, Sgt. Kevin Kober, and the City of Dover, Delaware.

Joseph Scott Shannon and Artemio C. Aranilla, II of Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware. Counsel for Lt. William Hocker.

**MEMORANDUM OPINION**

Dated: July 22, 2015
Wilmington, Delaware

*signature* 
ROBINSON, District Judge

## I. INTRODUCTION

On January 20, 2015, Evan Gillespie ("plaintiff") filed an action against Lieutenant William Hocker ("Hocker") of the Dewey Beach Police Department ("DBPD"), Sergeant Kevin Kober ("Kober") of the Dover Police Department ("DPD"), and Chief Paul Bernat ("Bernat") of DPD in relation to the termination of his employment with DPD. (D.I. 1) On February 23, 2015, Kober and Bernat filed a motion to dismiss for failure to state a claim. (D.I. 7) In response, on March 4, 2015, plaintiff filed an amended complaint, which added the City of Dover, Delaware ("Dover") as a defendant. (D.I. 9) The amended complaint alleged violations of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, and also raised supplemental state claims. (*Id.* at ¶¶ 131-215) On April 8, 2015, Kober, Bernat, and Dover (collectively, "Dover defendants") filed the present motion to dismiss for failure to state a claim. (D.I. 15) On May 11, 2015, Hocker filed the present motion for summary judgment. (D.I. 20) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 and 42 U.S.C. § 1983.

## II. BACKGROUND

In the summer of 2014, plaintiff worked for DBPD as the supervisor of summer seasonal officers. (D.I. 9 at ¶ 16) In August 2014, after accepting a full-time employment offer from DPD, plaintiff resigned from his position at DBPD. (*Id.* at ¶¶ 18, 19, 23) Plaintiff emailed his resignation to the Chief of DBPD. (*Id.* at ¶ 23) Prior to leaving DBPD, plaintiff inquired several times as to whether he had completed all of his duties. (*Id.* at ¶¶ 26-30) At this time, there was no indication that plaintiff failed to fulfill his obligations. (*Id.* at ¶¶ 27-30)

On September 8, 2014, plaintiff began training at the Delaware State Police ("DSP") Academy. (*Id.* at ¶ 32) Shortly thereafter, Hocker, one of plaintiff's former supervisors at DBPD, allegedly made the following allegations against plaintiff to officers and agents of the DSP and DPD: plaintiff left his employment at DBPD early; he did not complete all of the police reports at DBPD that he was supposed to have completed; he left the DBPD seasonal officers "hanging;" he was inappropriately unresponsive to phone calls; he wrongfully kept his DBPD badge; and he failed to follow the chain of command when resigning from DBPD. (*Id.* at ¶ 34) As a result of these allegations, on September 9, 2014 and September 10, 2014, a DSP officer commented on plaintiff's alleged failure to complete his DBPD police reports in front of numerous DSP academy cadets. (*Id.* at ¶¶ 35-39) Also on September 10, 2014, Kober met with plaintiff to question him about the DBPD allegations. (*Id.* at ¶¶ 38, 41, 43, 52) During questioning, Kober accused plaintiff of lying several times, however, plaintiff denied any wrongdoing. (*Id.* at ¶¶ 43, 44, 54, 57) Following this questioning, Kober instructed plaintiff to pack his bags and leave the DSP Academy. (*Id.* at ¶ 81)

On September 11, 2014, plaintiff met with Bernat who further questioned plaintiff regarding the DBPD allegations. (*Id.* at ¶¶ 82, 85, 87) Plaintiff again denied any wrongdoing. (*Id.* at ¶ 88) Further, at this meeting, Bernat displayed what appeared to be plaintiff's "termination packet," which purportedly contained information relating to Kober's questioning of plaintiff. (*Id.* at ¶ 86) Following this discussion, Bernat informed plaintiff he was terminated from DPD and handed him a termination letter. (*Id.* at ¶¶ 93, 95) The letter outlined that plaintiff was being terminated because he was not truthful concerning questions asked of him relating to his employment with DBPD. (*Id.* at ¶ 96)

Plaintiff then requested a copy of the "termination packet" from Kober. (*Id.* at ¶ 105) Kober claimed that the termination packet did not exist but later claimed that DPD Human Resources had a copy of the packet. (*Id.* at ¶¶ 106-107) DPD Human Resources also did not have a copy of the "termination packet." (*Id.* at ¶ 110)

After his termination from DPD and upon returning to his home, plaintiff noticed an email from the Chief of DBPD outlining all outstanding police reports. (*Id.* at ¶ 117) This email indicated that plaintiff needed to fix portions of two reports but the email was sent after plaintiff had already started at the DSP academy. (*Id.* at ¶¶ 119-121)

## A. The Claims

Plaintiff has brought a procedural due process claim under 42 U.S.C. § 1983 against Hocker with respect to his communications to DPD (count 1) and against Kober and Bernat with respect to their roles in plaintiff's termination (count 2). (*Id.* at ¶¶ 131-166) Plaintiff also asserted a substantive due process claim under 42 U.S.C. § 1983 against Kober and Bernat (count 6) and a municipal liability claim under 42 U.S.C. § 1983 against the City of Dover (count 5). (*Id.* at ¶¶ 188-205) Additionally, plaintiff has asserted defamation claims against Hocker, Kober, and Bernat (count 4), and claims for a breach of the implied covenant of good faith and fair dealing (count 3) and promissory estoppel (count 7) against Dover. (*Id.* at ¶¶ 167-187, 206-215)

3

## III. STANDARD[1]

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

---

[1] The court acknowledges that Hocker has filed a motion for summary judgment. However, the court is not inclined to consider this motion as a motion for summary judgment because at this juncture no discovery has occurred. Therefore, Hocker's motion will be considered as a motion to dismiss and the information contained in Appendix A (D.I. 22) will not be considered because it is outside of the pleadings. *See Collins v. Hunter*, Civ. No. 05–624, 2006 WL 1582220, at *1 (D. Del. June 7, 2006) ("submitting exhibits to the court on matters contained outside the pleadings are more appropriate at the summary judgment stage.").

4

In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## IV. DISCUSSION

### A. 42 U.S.C. § 1983

Plaintiff's § 1983 claims against Hocker and the Dover defendants appear to be substantively grounded in the Fourteenth Amendment. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

5

the alleged deprivation was committed by a person acting under color of state law."
West v. Atkins, 487 U.S. 42, 48 (1988).

### 1. Procedural due process

A plaintiff asserting a procedural due process claim under 42 U.S.C. § 1983 must "allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

Plaintiff's claims appear to assert a procedural due process violation of his liberty interest in reputation. It is well established that reputation alone is not a protected interest under the Fourteenth Amendment. Hill, 455 F.3d at 236 (citing Paul v. Davis, 424 U.S. 693, 712 (1976)). To determine whether an individual has been deprived of a liberty interest in reputation, courts apply the "stigma-plus" test, which requires a plaintiff to show "a stigma to his reputation plus deprivation of some additional right or interest." Id. (internal emphasis omitted). A public employee is deprived of a protected liberty interest "when an employer creates and disseminates a false and defamatory impression about the employee in connection with his termination." Id. (internal citation omitted). In this context, "the creation and dissemination of a false and defamatory impression is the 'stigma,' and the termination is the 'plus.'" Id. "To satisfy the 'stigma' prong of the test, it must be alleged that the purportedly stigmatizing statements(s) (1) were made publicly, and (2) were false." Id. (internal citations omitted). Further, a public employee who is defamed in the course of being terminated or constructively

6

discharged satisfies the "plus" prong, even if he lacks a property interest in the job he lost. *Id.* at 238.

Hocker contends that the procedural due process claim against him fails because plaintiff voluntarily left employment at DBPD. (D.I. 21 at 9-10) "It is a general rule that a voluntary separation cannot serve as a basis for a due process claim and a resignation is presumed to be voluntary." *Stiner v. University of Delaware*, Civ. No. 02–312, 2004 WL 1949545, at *6 (D. Del. Aug. 27, 2004) (citing *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227–28 (3d Cir. 1999); *see also Balik v. City of Bayonne*, 567 Fed. App'x 86, 89 (3d Cir. 2014) (holding that a due process liberty interest claim is "not viable" when a plaintiff resigns of his own free will). A resignation is presumed to voluntary until the employee presents evidence to establish that the resignation was involuntarily procured.[2] *Balik*, 567 Fed. App'x at 89 (internal citations omitted). In the case at bar, plaintiff admits that he voluntarily resigned from DBPD to take a full-time position at DPD. (D.I. 9 at ¶ 23) Therefore, Hocker's motion to dismiss plaintiff's procedural due process liberty interest claim is granted.[3]

Kober and Bernat contend that plaintiff has failed to properly allege the "made publically" requirement of the "stigma" prong of the "stigma-plus" test and that, therefore, the procedural due process claim alleged against them must be dismissed.

---

[2] There are two circumstances where an employee's resignation will be found involuntary for purposes of due process claims: "(1) when the employer forces the resignation or retirement by coercion or duress, or (2) when the employer obtains the resignation or retirement by deceiving or misrepresenting a material fact to the employee." *Balik*, 567 Fed. App'x at 89 (internal citation omitted). There is no allegation of either of these circumstances found in the pleadings.

[3] The court declines to engage in a "stigma-plus" analysis with respect to Hocker inasmuch as plaintiff's resignation has precluded a due process consideration.

7

(D.I. 19 at 1-3) The court does not find this reasoning persuasive. Plaintiff adequately pled facts to raise a reasonable inference that discovery will reveal evidence satisfying the "made publically" and "false" requirements of the "stigma" prong. Specifically, plaintiff alleges that Kober and Bernat published false statements "to other members of [DPD] and/or the City of Dover's Human Resources Department" concerning plaintiff's truthfulness prior to termination. (D.I. 9 at ¶ 156) Plaintiff further asserts that Kober and Bernat damaged his reputation as a result of the publication of such information. (D.I. 9 at ¶ 166) Without any discovery having taken place, these allegations are sufficient to establish the "stigma" prong. See Hill, 455 F.3d at 236-37 (outlining pleadings sufficient to satisfy the "stigma" prong, consisting of an allegation that false accusations were made publicly before plaintiff's colleagues and before the general public). With respect to the "plus" prong, even though plaintiff likely lacks a property interest in his employment at DPD, his termination nonetheless satisfies the prong. See id. at 238 ("a public employee who is defamed in the course of being terminated or constructively discharged satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost."). Therefore, plaintiff's allegations satisfy the "stigma-plus" test and sufficiently allege that he was deprived of his interest in reputation.[4]

---

[4] Kober and Bernat cite at length to Kocher v. Larksville Borough, 548 Fed. App'x 813 (3d Cir. 2013), to assert that merely depositing material into plaintiff's personnel file is not enough to meet the "publically" requirement of the "stigma" prong. Kocher, 548 Fed. App'x at 820; (D.I. 19 at 1-3). Kober and Bernat assert that plaintiff must show that his personnel file "has actually been disseminated to members of the public, such as his prospective employers." (D.I. 19 at 2); see Kocher, 548 Fed. App'x at 821("it is the dissemination of the contents of an employee's personnel file that must be shown for a claim to be successful."). Kober and Bernat's reliance on Kocher is misplaced. Kocher dealt with a motion for summary judgment, wherein a record had been established and

8

Having established that plaintiff sufficiently alleged a deprivation of his liberty interest in reputation, the court must look to whether the procedures available to him provided him with sufficient due process. When an individual is deprived of a liberty interest in reputation, the employee is entitled to a name-clearing hearing.[5] *Kocher*, 548 Fed. App'x at 820 (citing *Hill*, 455 F.3d at 236). Because plaintiff was not given the process he was due – a name-clearing hearing – he has sufficiently stated a claim for deprivation of his liberty interest in his reputation without the process the U.S. Constitution requires.[6] Therefore, Kober and Bernat's motion to dismiss plaintiff's procedural due process liberty interest claim is denied.

### 2. Substantive due process

The Due Process Clause of the Fourteenth Amendment contains a substantive component that bars arbitrary, wrongful government action "regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To set forth a substantive due process claim under § 1983, a plaintiff must assert a constitutionally protected liberty or property interest that has been interfered with by a defendant acting under the color of state law. *Bd. of Regents v. Roth*, 408

---

discovery had been completed. *See Kocher v. Larksville Borough*, 926 F. Supp. 2d 579, 592 (M.D. Pa. 2013). The motion at bar is a motion to dismiss and without discovery it is uncertain exactly what information has been disseminated.

[5] It is not clear from the pleadings whether plaintiff has requested any sort of name-clearing hearing, but the Third Circuit has not held that he was required to do so. *See Hill*, 455 F.3d at 239 n.19 (citing *Ersek v. Township of Springfield*, 102 F.3d 79, 84 n.8 (3d Cir. 1997).

[6] Plaintiff demands remedies other than a name-clearing hearing. (D.I. 9 at 22-23) The Third Circuit has not specifically ruled on whether a plaintiff who prevails on a "stigma-plus" claim may be entitled to remedies other than a name-clearing hearing. *See Ersek*, 102 F.3d at 84 n.6.

9

U.S. 564, 569 (1972); *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592 (3d Cir. 1995); *C&C Const. Rehab. Specialists v. Wilmington Hous. Auth.*, Civ. No. 95-756, 1996 WL 190011, at *2 (D. Del. Mar. 20, 1996).

Assuming that plaintiff has a protected liberty interest in his right to pursue a career in law enforcement,[7] he must demonstrate "a governmental action [that] was arbitrary, irrational, or tainted by improper motive," *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 124 (3d Cir. 2000), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400-01 (3d Cir. 2003) (quoting *Bello v. Walker*, 840 F.2d 1124, 1129 (3d Cir. 1988)), or that the government's conduct was so egregious that it "shocks the conscience," *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000) (internal citations omitted). The "shocks the conscience" standard "is no calibrated yardstick" and, therefore, conduct that "shocks in one environment may not be so patently egregious in another." *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 850 (1998). "[C]onduct intended to injure in some way [and] unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849.

Plaintiff contends that Kober and Bernat deprived him of substantive due process by making "false statements concerning [p]laintiff's truthfulness," which "effectively precluded [p]lainitff from the profession of his choice – being a sworn law enforcement officer." (D.I. 9 at ¶¶ 196-97) Plaintiff supports this claim by alleging that

---

[7] The Third Circuit has held that there is a protected liberty interest associated with pursuing a calling or occupation, and doing so without undue and arbitrary governmental interference. *See Thomas v. Independence Township*, 463 F.3d 285, 297 (3d Cir. 2006); *White v. Irwin*, Civ. No. 14–1418, 2015 WL 4126745, at *4 n.4 (D. Del. July 8, 2015).

10

Bernat and Kober's conduct was "malicious" and that they were aware that plaintiff would be required to disclose the false reasons for his termination to other police departments. (D.I. 9 at ¶¶ 202-03) According to the complaint, the Milton Police Department has not hired plaintiff as a result of Bernat and Kober's false statements because they are concerned about plaintiff's ability to credibly testify as an affiant in criminal prosecutions. (D.I. 9 at ¶¶ 199-200) Plaintiff has identified government conduct that he alleges was motivated by an improper purpose and that led to the deprivation of a constitutionally protected liberty interest. Therefore, plaintiff states a claim under § 1983.[8] Kober and Bernat's motion to dismiss plaintiff's substantive due process claim is denied.

### 3. Municipal liability

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). A government policy is established by a "decision-maker possessing final authority," and a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Id.* (citing *Monell v.*

---

[8] Kober and Bernat cite to *Hill*, which states, "public employment is not a fundamental right entitled to substantive due process." *Hill*, 455 F.3d at 234 n.12. They also cite to *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000), to support the contention that a protected property interest must be present prior to bringing a substantive due process claim. However, reliance on these cases is misguided because the substantive due process claims in *Hill* and *Nicholas* are predicated upon an alleged *property* interest in a specific employment position, whereas here a protected *liberty* interest concerning the right to pursue a particular calling free from governmental interference is at issue. *Hill*, 455 F.3d at 234, n.12; *Nicholas*, 227 F.3d at 142; *see supra* note 6; *White*, 2015 WL 4126745, at *4-5, n.4 (illustrating that a substantive due process claim brought by a public employee concerning the right to pursue a particular calling free from governmental interference by a public employee is a fundamental right protected by substantive due process).

11

*Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Liberally construing the complaint, plaintiff alleges Dover's unconstitutional policies or customs (communicating reasons for the terminations of its police officers to other police agencies, even when those reasons are false, thereby violating liberty interests in reputation) and the resulting injury as a result of the policies. (D.I. 9 at ¶¶ 189-190, 193) The court finds these allegations sufficient to survive the *Twombly* standard. *See Harris v. Wooden*, 808 F. Supp. 2d 736, 743 (D. Del. 2011) (holding that a complaint, which alleged an unconstitutional municipal policy of "taking . . . property without notice or hearing" and a resulting injury, was sufficient to survive a motion to dismiss). Therefore, the court will deny Dover's motion to dismiss plaintiff's § 1983 municipal liability claim.

### B. Good Faith and Fair Dealing

Delaware imposes a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite." *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 440 (Del. 1996)(internal citation omitted). However, every employment contract, including an at-will contract, contains an implied covenant of good faith and fair dealing. *See Merrill v. Crothall–American, Inc.*, 606 A.2d

96, 101 (Del. 1992). The duty of good faith and fair dealing imposes a duty of candor on the employer; the employer breaches the covenant when the employer's conduct constitutes "fraud, deceit, or misrepresentation." *Id.* (citations omitted). "An employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some way material to the contract." *Id.*

The Delaware Supreme Court has identified four situations where an employee could bring a claim based on the implied covenant of good faith and fair dealing: (1) where termination violated public policy; (2) where the employer misrepresented an important fact and the employee relied on the misrepresentation either to accept a new position or remain in the current one; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employer's past service; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination. *Pressman*, 679 A.2d at 442–44. These categories are narrowly defined and exclusive. *Id.*

Plaintiff appears to allege a violation of the fourth *Pressman* category. Liberally construing the allegations in the complaint, plaintiff has, in essence, alleged that Bernat and Kober created false and fictitious grounds to terminate plaintiff, including falsely representing the existence of plaintiff's termination packet. (D.I. 9 at ¶¶ 111-113, 174-175) These allegations, if proved, would likely bring plaintiff's claim within the fourth *Pressman* category, where an employer falsified or manipulated employment records to

13

create fictitious grounds for termination.[9] For the above reasons, Dover's motion to dismiss the claim of breach of the implied covenant of good faith and fair dealing is denied.

## C. Defamation

To state a cause of action for defamation under Delaware state law, a plaintiff must plead five elements: (1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. *Wright v. Pepsi Cola Co.*, 243 F. Supp. 2d 117, 124 (D. Del. 2003).

Plaintiff alleges defamation against Hocker based on the purportedly false statements that he made to DSP and DPD officers. (D.I. 9 at ¶ 178) In response, Hocker raises an immunity defense under the Delaware State Tort Claims Act ("DSTCA"), 10 Del. C. § 4011. (D.I. 21 at 14-16) The DSTCA provides that, "except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 Del. C. § 4011(a). The DSTCA also provides, however, that "an employee may be personally liable for acts or omissions causing property damage, bodily injury, or death

---

[9] Dover attempts to minimize the "Termination Packet" allegations by citing to *EEOC v. Avecia*, 151 Fed. App'x 162, 165-66 (3d Cir. 2005), and *Williams v. Caruso*, 966 F. Supp. 287, 291 (D. Del. 1997). *Avecia* states, "[i]f the employer did not actually falsify or manipulate employment records, then it does not matter if the employer gave a false rational for the termination." *Avecia*, 151 Fed. App'x at 165-66. *Williams* states, "*Pressman* only held culpable the manufacture of grounds for dismissal, not the statement of a false reason for dismissal." *Williams*, 966 F. Supp. at 291. However, these cases are inapposite because plaintiff is asserting the falsification of the "Termination Packet", which likely qualifies as an employment record and falls within the fourth *Pressman* category. Without discovery it is unclear whether or not the Dover defendants actually falsified or manipulated the "Termination Packet."

14

in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent." 10 Del. C. § 4011(c).

In the case at bar, under the DSTCA, Hocker could only be liable for property damage, bodily injury, or death. 10 Del. C. § 4011(c). Because the complaint does not allege any such damage, it is irrelevant whether Hocker was acting within the scope of his employment or with wanton negligence or willful and malicious intent. *See Smith v. Forester*, Civ. No. 11-893, 2014 WL 587059, at *3 (D. Del. Feb. 12, 2014) (holding where a complaint does not allege property damage, bodily injury, or death, it is immaterial whether a defendant was acting within the scope of his employment or with wanton negligence or willful and malicious intent for the purposes of 10 Del. C. § 4011(c)). Therefore, Hocker is immune under the DSTCA from plaintiff's defamation claims. *See Dale v. Town of Elsmere*, 702 A.2d 1219, 1223 (Del. 1997) (citing *Carr v. Town of Dewey Beach*, 730 F. Supp. 591, 601 (D. Del. 1990) (holding that "economic harm alone does not constitute 'property damage' as that term is used" in the DSTCA).[10] Hocker's motion to dismiss plaintiff's defamation claim is granted.

Plaintiff also alleges defamation against Kober and Bernat based on their false statements concerning plaintiff's truthfulness, which were placed in plaintiff's personnel file. (D.I. 9 at ¶ 179) Defendants assert that plaintiff fails to satisfy the "publication" requirement under Delaware defamation law because the publication he asserts is "self-publication"[11] in the form of his disclosure to the Milton Police Department. (D.I. 16 at

---

[10] The court declines to address Hocker's defense of conditional privilege or engage in a defamation analysis inasmuch as the DSTCA shields Hocker from suit.

15

15) Defendants note that the Delaware Superior Court has rejected compelled self-publication as a method to satisfy the publication requirement under Delaware law. *See Lynch v. Mellon Bank*, No. 90C–JA–125, 1992 WL 51880, *3 (Del. Super. Mar. 12, 1992) (holding that "[a]lthough the concept of self-publication has been accepted in a minority of other jurisdictions, it is not the law in Delaware"); *see also Carroll v. ABM Janitorial Services-MID Atlantic, Inc.*, 970 F. Supp. 2d 292, 300 (D. Del. 2013) ("In Delaware, self-publication does not satisfy the publication requirement for a defamation action.")(internal citation omitted).

Although the issue is close, the court concludes that plaintiff has adequately pled publication for the purposes of defamation despite the "self-publication" contention. In the pleadings, plaintiff alleges that "false statements concerning [p]laintiff's truthfulness . . . have been placed in [p]laintiff's personnel file and therefore communicated to others within [DPD] and the Dover Human Resources Department." This sort of communication to one's colleagues is adequate enough to constitute publication. *See Wright*, 243 F. Supp. 2d. at 125 (holding that publication was satisfied where a plaintiff alleged "[d]efendants have spread the [statements] regarding Plaintiff's character to his peers and the general community at large."). Liberally construing the allegations, the court also finds that plaintiff has pled facts sufficient to satisfy the other elements of

---

[11] Under the theory of self-publication, plaintiff "may satisfy the publication requirement by repeating [defendant's] statement, if [defendant] had knowledge that the plaintiff was substantially certain to communicate that statement to third parties and if the plaintiff was either compelled to repeat, or foreseeably repeated, the defamatory statements to a third party." *Bickling v. Kent General Hosp., Inc.*, 872 F.Supp. 1299, 1310 (D. Del. 1994).

16

defamation.[12] Therefore, because plaintiff has sufficiently alleged a Delaware state claim of defamation, Kober and Bernat's motion to dismiss plaintiff's defamation claim is denied.

### D. Promissory Estoppel

The elements of a promissory estoppel claim require evidence that: (1) a promise was made; (2) the promisor reasonably expected to induce action or forbearance on the part of the promisee; (3) the promisee in fact relied on the promise and took action to his detriment; and (4) the only way to avoid injustice is to enforce the promise and make it binding. See Hunter v. Diocese of Wilmington, Civ. No. 961–Kent, 1987 WL 15555, at *6 (Del. Ch. Aug. 4, 1987) (internal citations omitted). As to the first element, in the absence of "evidence of falsity or fraud," "[m]ere expressions of opinion, expectation or assumption are insufficient . . . . [Rather, p]romissory form is required . . . ." Reeder v. Sanford Sch., Inc., 397 A.2d 139, 141 (Del. Super. 1979); accord Peterson v. Beebe Med. Ctr., Inc., Civ. No. 91C–07–147, 1992 WL 354087, at *4 (Del. Super. Nov. 13, 1992). As to the third element, plaintiff must prove that his reliance was "reasonable." Keating v. Board of Educ., C.A. No. 12589, 1993 WL 460527, at *4 (Del. Ch. Nov. 3, 1993). A plaintiff must prove all four elements of promissory estoppel "by clear and convincing evidence." Id.; accord Reeder, 397 A.2d at 141.

---

[12] Plaintiff alleged "defamatory communication" in that Kober and Bernat "made false statements concerning [p]laintiff's truthfulness." (D.I. 9 at ¶ 179) He alleged the "communication refers to the plaintiff" in that the statements are contained in his personnel file. Id. He alleged "the party receiving the communication understands its defamatory nature" in that the party receiving the communication would understand that plaintiff is dishonest. Id. Lastly, he alleged "injury" in that he has suffered damage to his reputation and economic damages. (D.I. 9 at ¶ 187)

In the case at bar, plaintiff points to no evidence of any promises made by Dover. Plaintiff merely states he "reasonably relied upon . . . Dover's promise of employment" and that he had a "reasonable expectation that he would not be subjected to termination based on fabrications." (D.I. 9 at ¶¶ 207, 210) Plaintiff's expectation is not sufficient enough to demonstrate "promissory form." See Reeder, 397 A.2d at 141. Further, the "City of Dover Personnel Policy," signed by plaintiff, demonstrates that plaintiff was a probationary employee who could be "dismissed at any time during the probationary period," which does not equate to the promise required under the doctrine of promissory estoppel.[13] (D.I. 16, ex. A)

Additionally, Dover opines that there is no authority to support the contention that an at-will employee could assert a promissory estoppel claim when, as here, the grounds for the employee's termination arose after a promise of employment was extended. (D.I. 19 at 9-10) The court finds the defendants' argument to be

---

[13] As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered . . . . The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated "[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint."

In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted)(emphasis omitted).

Although Dover defendants do supply an exhibit (D.I. 16, ex. A) with their opening brief, plaintiff takes no issue with the "City of Dover Personnel Policy" contained in this exhibit. This document is "integral to" the complaint in that it describes plaintiff's employment relationship with DPD. Id.; (see D.I. 9 at ¶ 18-19)(discussing the DPD employment offer) Further, in briefing, plaintiff mentions that his employment was for an "initial two-year probationary period." (D.I. 18 at 13) Therefore, the court has considered the "City of Dover Personnel Policy." (D.I. 16, ex. A)

18

persuasive.[14] *See Brooks v. Fiore*, Civ. No. 00–803, 2001 WL 1218448, at *6 (D. Del. Oct. 11, 2001) (agreeing with the argument that the at-will doctrine would be effectively abolished if accepting new employment alone could support a claim for promissory estoppel). The court concludes that there are insufficient allegations to support a claim for promissory estoppel. Dover's motion to dismiss is granted.

## V. CONCLUSION

For the aforementioned reasons, Hocker's motion to dismiss (D.I. 20) is granted. Dover defendants' motion to dismiss (D.I. 15) is granted in part and denied in part. An appropriate order shall issue.

---

[14] Plaintiff cites to *Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000), to support the contention that at-will employment does not prohibit an individual from raising a promissory estoppel claim. However, *Lord* mentions that the relationship between the at-will doctrine and the law of promissory estoppel "depend[s] upon the facts of a particular case." *Lord*, 748 A.2d at 399. The facts in *Lord* discussed a situation where plaintiff was given assurances that she would not be fired if she took a particular action. *Id.* The pleadings at bar demonstrate no such assurances. Therefore, this is a situation where the facts do not warrant promissory estoppel in an at-will situation.

19