IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVAN GILLESPIE,<br><br>    Plaintiff,<br><br>v.<br><br>LT. WILLIAM HOCKER, individually and in his official capacity as a Town of Dewey Beach Police Officer, CHIEF PAUL BERNAT, individually and in his official capacity as a City of Dover Police Officer, SGT. KEVIN KOBER, individually and in his official capacity as a City of Dover Police Officer, and<br>CITY OF DOVER, DELAWARE,<br><br>    Defendants. | Civ. No. 15-51-SLR |

Daniel C. Herr, Esquire of Law Office of Daniel C. Herr LLC, Wilmington, Delaware. Counsel for Plaintiff.

Daniel A. Griffith, Esquire, Scott G. Wilcox, Esquire, and Kaan Ekiner, Esquire of Whiteford Taylor & Preston LLP, Wilmington, Delaware. Counsel for Defendants Chief Paul Bernat, Sergeant Kevin Kober, and City of Dover, Delaware.

**MEMORANDUM OPINION**

Dated: April 19, 2017
Wilmington, Delaware

ROBINSON, Senior District Judge

## I. INTRODUCTION

Plaintiff Evan Gillespie ("plaintiff") has asserted claims against Lieutenant William Hocker ("Hocker") of the Dewey Beach Police Department (the "Dewey Beach PD"), Sergeant Kevin Kober ("Kober") and Chief Paul Bernat ("Bernat") of the Dover Police Department (the "Dover PD"), and the City of Dover, Delaware ("Dover") in relation to the termination of his employment with the Dover PD. (D.I. 9) The court previously granted motions to dismiss all of the claims asserted against Hocker and one of the claims asserted against Dover. (D.I. 28) Currently before the court is a motion for summary judgment on the remaining claims filed by Kober, Bernat, and Dover (the "Dover defendants"). (D.I. 45) The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the reasons discussed below, the Dover defendants' motion for summary judgment is denied.

## II. BACKGROUND

### A. Statement of Facts

In the summer of 2014, plaintiff worked for Dewey Beach PD as a supervisor of summer seasonal officers. (D.I. 9 ¶ 16) In August 2014, after accepting a full-time employment offer from Dover PD, plaintiff resigned from his position at Dewey Beach PD. (Id. at ¶¶ 18, 19, 23) Plaintiff emailed his resignation to the Chief of Dewey Beach PD. (Id. at ¶ 23) Before leaving Dewey Beach PD, plaintiff inquired whether he had completed all of his duties. (Id. at ¶ 26-30) At the time, there was no indication that he had not fulfilled all of his obligations. (Id. at ¶ 27-30)

On September 8, 2014, plaintiff began training at the Delaware State Police Academy (the "Academy"). (*Id.* at ¶ 32) Shortly thereafter, Hocker, one of plaintiff's former supervisors at Dewey Beach PD, allegedly made the following statements to officers and agents of the Academy and Dover PD: plaintiff left his employment at Dewey Beach PD early; he did not complete all of his police reports; he was inappropriately unresponsive to phone calls; he wrongfully kept his Dewey Beach PD badge; and he failed to follow the chain of command when resigning. (*Id.* at ¶ 34)

On September 10, 2014, Kober met with plaintiff to question him about the Dewey Beach PD allegations. (*Id.* at ¶¶ 38, 41, 43, 52) Plaintiff denied any wrongdoing. (*Id.*) Among other things, plaintiff said that, as far as he knew, he had completed all of his police reports; he did not return Hocker's phone call on the date in question because he never received one; he had kept his badge because he had a court appearance the following week; and he had sent his resignation directly to the Chief of Dewey Beach PD upon the instructions of two officers from the Dewey Beach PD. (*Id.*) Kober accused plaintiff of lying with respect to each of his explanations. (*Id.* at ¶¶ 43, 44, 54, 57) In particular, Kober claimed to have checked Gillespie's cell phone which showed a missed call from Hocker on the date in question and checked with the court and found that plaintiff did not have court "next week or in the future at all." (D.I. 47 at 5) Kober memorialized his version of the facts regarding his meeting with Gillespie in a report submitted to Bernat that same day. (D.I. 46-6, Ex. F)

On September 11, 2014, plaintiff met with Bernat who further questioned plaintiff regarding the Dewey Beach PD allegations. (*Id.* at ¶¶ 82, 85, 87) Plaintiff again denied any wrongdoing. (*Id.* at ¶ 88) Bernat was concerned about plaintiff's "truthfulness,

2

integrity, and credibility." (D.I. 46 at 6) Following this discussion, Bernat informed plaintiff he was terminated from Dover PD and handed him a termination letter. (*Id.* at ¶¶ 93, 95) The letter outlined that plaintiff was being terminated because he was not truthful concerning questions asked of him relating to his employment with Dewey Beach PD. (*Id.* a ¶ 96) Bernat relied upon Kober's report to terminate plaintiff. (D.I. 46-6, Ex. F)

Upon returning home after his termination from Dover PD, plaintiff noticed an email from the Chief of Dewey Beach PD indicating that he needed to fix portions of two police reports. (*Id.* at ¶ 117-121) The email was sent while plaintiff was training at the Academy and did not have access to email. (*Id.*) Plaintiff has submitted phone records and court scheduling records tending to indicate, respectively, that he never received a phone call from Hocker on the date in question and that he had to make a court appearance on September 16, 2014 and October 21, 2014 to provide testimony as a police officer. (D.I. 47 at 7)

B.  **Procedural History**

On March 4, 2015, plaintiff filed a first amended complaint asserting seven claims: a procedural due process claim under 42 U.S.C. § 1983 against Hocker (count 1); the same type of claim against Kober and Bernat (count 2); a claim for breach of the implied covenant of good faith and fair dealing against Dover (count 3); a defamation claim against Hocker, Kober, and Bernat (count 4); a municipal liability claim under 42 U.S.C. § 1983 against Dover (count 5); a substantive due process claim under 42 U.S.C. § 1983 against Kober and Bernat (count 6); and a promissory estoppel claim against Dover (count 7). (D.I 9) On July 22, 2015, the court granted Hocker's motion

for summary judgment, treated as a motion to dismiss. (D.I. 28) At the same time, the court granted in part and denied in part the Dover defendants' motion to dismiss. (*Id.*) As a result, count 1, count 7, and those portions of count 4 asserted against Hocker were dismissed. On September 2, 2016, the Dover defendants moved for summary judgment on all surviving claims. (D.I. 45) Plaintiff conceded that he cannot contest the motion as to counts 2, 4, and 5, thereby leaving only counts 3 and 6 for the court to decide. (D.I. 47)

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 475, 586 n. 10 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must support the assertion either by citing to "particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 415 U.S. at 587 (internal quotation marks omitted). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

4

To defeat a motion for summary judgment, the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Podohnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating that entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## IV. DISCUSSION

The Dover defendants have moved for summary judgment on plaintiff's substantive due process claim against Kober and Bernat (count 6) and breach of the implied covenant claim against Dover (count 3). (D.I. 45) According to the Dover defendants, plaintiff has no evidence supporting either claim. (D.I. 46 at 11-13, 16) Each claim will be addressed in turn.

### A. Substantive Due Process

The Due Process Clause of the Fourteenth Amendment contains a substantive component that bars arbitrary, wrongful government action "regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125

5

(1990). To prove a substantive due process claim under 42 U.S.C. § 1983, a plaintiff must show that defendant, acting under the color of state law, interfered with a constitutionally protected liberty or property interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592 (3d Cir. 1995); *C&C Const. Rehab. Specialists v. Wilmington Hous. Auth.*, 1996 WL 190011, at *2 (D. Del. Mar. 20, 1996). Plaintiff asserts that Kober and Bernat interfered with his liberty interest in pursuing a "calling or occupation," which the Third Circuit has recognized as an interest secured by the Fourteenth Amendment. *Thomas v. Independent Township*, 463 F.3d 285, 297 (3d Cir. 2006). To find that the interference violated the Fourteenth Amendment, plaintiff must show that Kober and Bernat acted arbitrarily, irrationally, or with an improper motive, or that Kober and Bernat's conduct was so egregious it "shocks the conscious." *Gillespie v. Hocker*, 2015 WL 4468922, at *5 (D. Del. July 22, 2015).

Kober and Bernat argue that plaintiff can present no evidence of arbitrary, irrational, or wrongful government action. (D.I. 46 at 12) Plaintiff, however, claims that Kober lied to cause his termination and Bernat memorialized that lie in plaintiff's termination letter. (D.I. 47 at 10) Plaintiff has submitted evidence tending to show that he was truthful about each of his explanations given to rebut the Dewey Beach PD allegations. Specifically, plaintiff has submitted phone records showing that he did not receive a phone call from Hocker on the date in question, court scheduling records showing that he had a court appearance in the near future, and an email from the Dewey Beach PD regarding unfinished police reports which was sent while plaintiff did not have access to email at the Academy. (D.I. 47 at Exs. K, M, & N) If a jury finds that

6

plaintiff was telling the truth, then the jury may also find that Kober and Bernat were not being truthful, and used fabrications to cause plaintiff's termination. Plaintiff has at least created a genuine issue of material fact concerning the truthfulness of Kober and Bernat and whether these fabrications resulted in a deprivation of substantive due process. For these reasons, the Dover defendants' motion for summary judgment on the substantive due process claim (count 6) is denied.

### B. Implied Covenant of Good Faith and Fair Dealing

Every employment relationship, including at-will employment, contains an implied covenant of good faith and fair dealing. *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 101 (Del. 1992). Relevant to this case, the covenant is violated when an employer falsifies or manipulates an employment record to create fictitious grounds for termination. *DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 440 (Del. 1996). Defendants' argument, in essence, is that "Plaintiff was appropriately terminated for dishonesty." (D.I. 46 at 15) As stated in the previous section, however, plaintiff has submitted evidence tending to contradict the Dover defendants' assertions that plaintiff lied about the Dewey Beach PD allegations. (*See* D.I. 47 at Exs. K, M, & N) Thus, plaintiff has raised a genuine issue of material fact regarding whether Kober lied concerning plaintiff's phone records, upcoming court dates, and awareness of outstanding police reports, all in order to cause plaintiff's termination. Kober memorialized his version of events in a report submitted to Bernat which Bernat relied upon and adopted in plaintiff's termination letter. For these reasons, plaintiff has established a genuine issue of material fact regarding whether Kober and Bernat

7

manufactured fictitious grounds to terminate plaintiff. The Dover defendants' motion for summary judgment on the implied covenant claim (count 3) is denied.

## V. CONCLUSION

For the foregoing reasons, the Dover defendants' motion for summary judgment is denied. (D.I. 45)